

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ULBER KABA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0154 |
| | § | |
| UNITED STATES ATTORNEY GENERAL, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

On April 10, 2006, petitioner ULBER KABA was convicted, in the 235th Judicial District Court of Cooke County, Texas, of the felony offense of sexual assault and was sentenced to twenty (20) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). It appears petitioner, at some point thereafter, was ordered to be deported from this country. Petitioner is presently confined, pursuant to his Cooke County conviction and sentence, at the Neal Unit in Potter County, Texas.

Petitioner initiated this proceeding on August 19, 2008 by filing a hand written pleading entitled "Petition for Review."[1] Consequently, the Court ordered petitioner to submit a form

---

[1] Petitioner did not utilize the habeas corpus form petition adopted by the federal courts for the Northern District of Texas. By his pleading, petitioner challenged "the delay of final order of removal," arguing "an alien may be entitled to release after six months period of detention elapses." Petitioner appeared to argue he should be immediately removed from the United States because the deportation order did not include findings permitting a delay in removal and did not state petitioner's sentence would be served prior to deportation. Petitioner also argued he should not be detained because there is no likelihood of his removal. Petitioner also argued his conviction and sentence have resulted in multi-punishments, *i.e.*, a 20-year sentence, the denial of parole due to the issuance of a detainer against him by the INS, and a delayed deportation, thus subjecting him to cruel and unusual punishment. Petitioner also appeared to challenge his conviction and sentence on the bases that the court did not admonish him that his conviction would subject him to deportation.

petition clearly setting forth what he is challenging, the grounds on which he bases his challenges, and the relief sought. Petitioner was advised this pleading would constitute an amended petition and would fully replace the original pleading. On March 5, 2009, in response to the Court's Order, petitioner submitted his amended petition. In his amended petition, petitioner raises the following grounds:

1. Petitioner has not been deported within 180 days from the date of the deportation order, and no justification for the delay exists as the United States Attorney General has not filed any "withholding deportation order";

2. The Governor of Texas, a state official, has failed to respond to a complaint filed by petitioner wherein he alleges "constitutional neglect to due process to equality under the law."

Petitioner contends he is entitled to immediate deportation.

I.
EXHAUSTION

To obtain immediate deportation from the United States to his home country, petitioner must first obtain release from TDCJ-ID. Petitioner has not shown he has exhausted available state court remedies in seeking his release from state custody. This Court may, however, deny an unexhausted habeas petition. *See* 28 U.S.C. § 2254(b)(2). It is the opinion of the Court that petitioner is not entitled to any relief and that this case should be heard rather than dismissed for failure to exhaust state court remedies.

II.
MERITS

It appears petitioner is seeking to avoid serving his twenty (20) year sentence by seeking deportation. Petitioner appears to assert the removal order, which purportedly instructs deportation

to take place within 180 days, and the failure of the United States Attorney General to request additional time in which to remove petitioner, as justification for avoiding service of his criminal sentence. Such is not a valid legal basis warranting his immediate release from TDCJ-CID. Further, petitioner has not cited any legal authority authorizing this Court to order his immediate release from TDCJ-CID. Petitioner does not challenge his underlying conviction and sentence in any manner.[2] He has been lawfully convicted and is now obligated to serve his full sentence in TDCJ-CID unless Texas authorities choose to release him from confinement by granting parole or some other form of conditional release. Since petitioner has failed to provide any valid legal basis justifying his release from state confinement, he is not entitled to relief.

Petitioner has also failed to provide a valid legal basis for this Court to order the federal immigration authorities to immediately take petitioner into custody and deport him, nor has he shown he has exhausted administrative remedies by requesting such action by the INS, or their successor agency. Further, Title 8 U.S.C. § 1231(a)(4)(A) provides that the Attorney General "may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." Any request by petitioner for this Court to order INS to immediately deport him is not ripe for adjudication unless and until petitioner is actually released from TDCJ-CID and is in the custody of federal immigration officials. Petitioner's first ground should be denied.

### III.
### STATE OFFICIAL INACTION

Petitioner alleges the Governor of Texas has not responded to a "complaint" filed by

---

[2] In his initial pleading, petitioner does assert, in a listing of "multiple punishments," the "failure of court to admonish petitioner of deportation consequences." However, petitioner did not pursue that argument in his amended petition. Further, any challenge to petitioner's underlying conviction would be transferred to the federal court with jurisdiction over Cooke County.

petitioner with the Governor. This ground is not appropriate for federal habeas corpus relief and should be denied.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the opinion and finding of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus by a person in state custody filed by petitioner ULBER KABA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States

District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).